NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUDIEL DEMETRIO PINEDA ORTUNO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-73203

Agency No. A200-565-546

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Petitioner Judiel Demetrio Pineda Ortuno seeks review of a final order of

removal issued by the Board of Immigration Appeals ("BIA").  As relevant here, the

BIA dismissed Petitioner's appeal of the Immigration Judge's ("IJ") order denying

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner's applications for withholding of removal under the Immigration and Nationality Act and protection pursuant to the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and we deny the petition.

We review factual findings for substantial evidence. *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). "[T]o reverse such a finding, we must find that the evidence not only supports a contrary conclusion, but compels it." *Id.* (cleaned up). And where the BIA adopts the IJ's decision, we review the IJ's decision as if it were the decision of the BIA. *Deloso v. Ashcroft*, 393 F.3d 858, 863 (9th Cir. 2005).

1.      The BIA affirmed the IJ's denial of Petitioner's withholding of removal claim because Pineda Ortuno did not establish that it is more likely than not that he will be subject to persecution on account of a protected ground. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (stating that to qualify for withholding of removal, an applicant must demonstrate a likelihood of persecution on account of a protected ground). On appeal, Pineda Ortuno concedes that we have already held that his proposed social group is not cognizable. We thus affirm the BIA.

2.      Pineda Ortuno also challenges the BIA's denial of his CAT claim. Protection under CAT requires a showing (1) that an alien will more likely than not be tortured in the country of removal and (2) "that the torture would be inflicted with

2

government acquiescence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citing 8 C.F.R. §§ 208.16(c)(2), 208.18(a)). Pineda Ortuno makes two assertions in support of his CAT claim: (1) the police or criminals will kidnap, torture, and murder him; and (2) the government of Mexico cannot or will not stop these crimes. In support, Pineda Ortuno claims that newspaper articles, research articles, and a Department of State travel warning counsel against travel to Mexico and show that cartels prey upon deportees from the United States and that the police work as kidnappers for the cartels. He asserts that the Mexican government cannot control the crime and that he "dreads the grim fate that awaits him in Mexico: a brutal and painful death administered by ruthless and merciless criminals."

There is no record evidence, however, that Pineda Ortuno will be tortured upon removal and no evidence suggesting that the Mexican government will consent or acquiesce to his torture. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (explaining that to qualify for CAT relief, an applicant must establish both that it is more likely than not that he will be tortured and that any such torture would be with the consent or acquiescence of a public official). "Torture is defined as any act that intentionally inflicts 'severe pain or suffering' on a person for the purposes of obtaining information or a confession; punishment; intimidation; coercion; or discrimination." *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting 8 C.F.R. 208.18(a)(1)). Torture is also "more severe than persecution." *Guo v.*

*Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018). Pineda Ortuno points to his assault in a nightclub as evidence, but this does not constitute torture. *See id*. Pineda Ortuno similarly does not offer any other evidence of torture beyond his claim of generalized violence. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."). Pineda Ortuno is thus ineligible for CAT relief.

**PETITION DENIED.**